## THE DILIGENT FIRE ENGINE CO. *v.* COMMONWEALTH *ex rel.* LEHMAN.

A contributing member of an engine company, declared not to have such a legal status, under the law creating the corporation as would enable him to invoke the action of a court to reinstate him as a member.

**Error to the common pleas of Philadelphia.**

Opinion delivered May 11, 1874, by

MERCUR, J. A corporation being a mere creature of the law, possesses those powers only which are given to it by its charter, either expressly or impliedly, as necessary in strict furtherance of the objects of its creation. It can exercise no power or authorities, except such as are conferred or authorized by its charter, or those necessarily incident to the power and authorities thus granted, and, in estimation of law, part of the same. Wolf *v.* Goddard, 9 Watts 550. The plaintiff in error was incorporated under the act of 1st April, 1831 : Pamph. Laws 316. The sixth section of the act declares, that the "corporation shall not consist of more than one hundred active members, * * * * * and also, that this corporation may bestow the privileges of honorary membership on such

active members as they may think proper, and under such regulations as the by-laws may prescribe." Thus the charter limits the number of active members, and gives no authority to make any person an honorary memmer, unless he has previously been an active member. In subordination to this organic law, section third, article first, of the by-laws declares, "Honorary membership may be conferred upon such active members of five years' standing, who shall have paid all dues and fines, and attended a number of fires equivalent to one-half those occurring during their service ; and upon such others as shall pay twenty-five dollars for the privilege. Honorary members shall be entitled to all the rights and privileges. of active members, * * * * * and shall have the privilege of resuming active membership with their original standing on the roll, by making application in writing to the company."

Not content, however, with exhausting the powers given by law for the election of members, the by-laws proceed further. Section four declares, "Contributing members shall be elected in the same manner as, active members. They shall not be allowed to vote upon any question before the company, or have command of the apparatus, nor be eligible to any office or standing committee." Section second of article third,. declares the "dues of contributing members shall be two dollars per year,. payable at the stated meeting in January ; and any member who shall neglect or refuse to pay the same on or before the stated meeting in July,. his name shall be stricken from the roll." The design evidently was to extend a kind of social relation only to contributing members. The right of suffrage was denied to them. They are declared ineligible to office.. They had no power or authority affecting the business of the corporation. The only duty imposed on them was the payment of a small sum annually.. The only penalty imposed for a violation of that duty, is that the delinquent's name be stricken from the roll.

It is true the power of admitting new members being incidental to a corporation aggregate, it is not necessary that such power be expressly conferred by the statute. Yet when the statute does limit and restrict the power, it erects a barrier beyond which no by-laws can pass. The power of this corporation was so restrained. It extended not to the admission of contributing members. No corporation can make valid any by-law in conflict with its charter.. That would be to enable the corporation to make a new constitution for itself, and thereby wholly defeat the object of the law which gave it birth.

If the relator had been a legal member of the corporation, he could not have been removed without notice, for the non-payment of his arrearages. Commonwealth *v.* Pennsylvania Beneficial Society, 2 S. & R. 141 ; Commonwealth ex rel. Fischer *v.* The German Society, 3 Harris 251.

The facts were sufficiently averred in the answer of the plaintiff in error. It follows, therefore, that the relator as a contributing member, has

no such legal status, under the law creating this corporation, as will enable him to invoke the action of a court to reinstate him as a member.

The learned judge, therefore, erred in entering judgment on the demurrer, in favor of the relator, and it must be reversed.

Judgment reversed.